DAVIS et al. v. RAPP et al.

(District Court, E. D. New York. November 25, 1916.)

1. PATENTS ⟝328—INFRINGEMENT—WEATHER STRIP.
      The Vose patent, No. 717,641, for a weather strip, *held* not infringed.

2. PATENTS ⟝198—SUIT·FOR INFRINGEMENT—TITLE OF COMPLAINANT.
      Proof of an assignment of a patent *held* sufficient to vest title in the complainant.

      [Ed. Note.—For other cases, see Patents, Cent. Dig. § 277; Dec. Dig. ⟝198.]

In Equity. Suit by Grace A. Davis and Isabel M. Vose against John W. Rapp and the John W. Rapp Company. Decree for defendants.

H. B. Philbrook, of New York City, for plaintiffs.
Frederick P. Randolph, of New York City, for defendant Rapp.

CHATFIELD, District Judge. The defendants are charged with infringement by the use of a device claimed to have been covered by patent No. 717,641, which was involved in the case of Vose v. United States Metal Products Co., 216 Fed. 775, tried in this court. Upon appeal the Circuit Court of Appeals (219 Fed. 747, 135 C. C. A. 445) held that claim 1 of this patent was restricted to a form of weather strip in which the window sash was rabbeted so as to receive the strip and to maintain a flush surface. The court also held that claim 2 was limited, so far as the strip attached to the window case was concerned, to a flat piece of metal, with no set-off or bending to accommodate or receive the corresponding strip upon the window sash. The court intimated that the patent had slight grounds for its claim of invention, but based the decision of the case upon questions of title, instead of upon the definite findings of the Court of Appeals as to the validity and scope of the claims.

[1] In the present case, the infringing devices are of the precise form which the Circuit Court of Appeals has substantially found were not covered by the claims in question. In addition to this, the defendant John W. Rapp Company is shown to have transferred its business to the United States Metal Products Company, which was the defendant in the previous action. No particular basis for a decree against it, either for injunction or an accounting, can be ordered. All such questions seem to have been transferred to the United States Metal Products Company, which both continued and completed the work charged to be an infringement, and which was financially liable therefor.

The defendant John W. Rapp is sufficiently shown to have been individually the person conducting the business, directing the form of work, and causing the acts complained of, so far as responsibility for the precise style of weather strip to be used was concerned. If the testimony satisfactorily shows any instance of an infringement under his direction of the claims of the patent in suit, as narrowed by the

⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

determination of the Court of Appeals, the plaintiffs would be entitled to a decree for an injunction and the right to show upon an accounting the extent of that use. But the record is barren of such testimony. On the contrary, it appears that Mr. Rapp and the patentee, one Clifton Vose, at some time prior to the disappearance of Mr. Vose in 1911, were developing and using a modified form of weather strip, which the Court of Appeals has held could be used without reference to the rights of the patentee under the patent in question.

[2] Upon the appeal in the former case, it was held that an alleged wrongdoer could, without evidence, attack collaterally the record of assignment of a patent, if that record upon its face presented language contrary to the theory of such assignment. The court held this in spite of the existence of oral evidence and the written notice upon the paper recorded as an assignment, to the effect that the assignment was actually made for a valid consideration. The effect of this decision is to make the record of the assignment the actual transfer of interest to the assignee, instead of mere notice to those subsequently dealing with the patentee, or his assigns, that the transfer had been made.

It is impossible under the circumstances to discuss this ruling in this court. Whether or not a parol assignment, actually brought to the notice of a subsequent purchaser, would estop that purchaser from claiming rights to the patent, as distinguished from the rights which might be acquired by a subsequent innocent purchaser or grantee, without notice, is a matter that need not be now considered. Even if not determined by the previous decision of the Court of Appeals in the case brought upon this same patent, the present issue is not dependent upon the filing of the assignment in question in the prior case.

It appears that some two days subsequently to the filing of that assignment another transaction, evidently relating to the same subject-matter, and, according to the claim of the plaintiffs, with relation to the assignment of the same patent, occurred in the presence of the various members of the family of which Clifton Vose was one of the sons, Maria E. Vose, the assignee of the patent, was mother, and the two plaintiffs in the present action, who have received their title by assignment from Mrs. Vose, were daughters.

Mrs. Vose died before the argument of the previous appeal. Prior to her death she transferred her rights to her daughters, and they were actually parties to the appeal at the time of argument, although no change seems to have been made in the reported title of the action. They now present a paper which purports to be an assignment in terms of the patent in question, dated upon the 20th day of April, 1903; whereas, the paper held by the Court of Appeals to be open to attack was dated April 18, 1903. It appears from the testimony that for some reason a transaction did occur on the 20th of April, 1903, by which Clifton Vose assigned to his mother the exact interest in the patent No. 717,641 which it was thought he had attempted to transfer upon the occasion two days previous. A typewritten copy of this assignment has been produced from the possession of the at-

turney for the plaintiff, and traced back to a time long prior to the previous trial. A carbon copy of some paper identical with that produced by the attorney, so far as its language is concerned, and bearing a signature which, according to the testimony of the witnesses for the plaintiffs, is that of the patentee, has also been produced and traced to papers which had been in the possession of Mrs. Vose prior to her death.

The defendants contend that this paper was not signed by Clifton Vose, and the proof of the plaintiffs does not satisfy the court that the paper offered was the original, and that it bears the genuine signature of Clifton Vose. It would appear, rather, to be a copy of that original, and it would thus appear that a copy has been filed with the Commissioner of Patents for record. But the existence of an original is sufficiently proven, the transfer of the patent to Mrs. Vose has been plainly shown, and there is nothing in the paper to negative the proposition that Clifton Vose did, on the 20th of April, 1903, actually transfer to his mother all rights under the patent in question.

The validity of this assignment, therefore, is not affected by the decision of the Court of Appeals as to the record of the contradictory paper, dated April 18, 1903, and an infringer or subsequent claimant would certainly have been given notice of the assignment which has been proven to have been made. No evidence has been offered to combat the proof of that making and of the delivery. The loss of the original could be cured, and the title of the plaintiffs to the patent in question would seem to be sufficient.

Without, therefore, seeking to make any finding upon the question of patentability and infringement, but merely following the determination of the Court of Appeals on those subjects, and even finding that the plaintiffs have title to the patent in question, the defendants should have a decree dismissing the action, and, under the circumstances, without costs, upon the ground that no infringement has been shown by the use of a weather strip of which the member fastened to the sash has one side let into a rabbet in the sash, nor in which a flat, unbent strip, as defined by the decision of the Court of Appeals, is attached to the casing.